UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
SIMONE GREGG,                       )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )   CIVIL ACTION NO. 21-11495-JGD
                                    )
NORTHEASTERN UNIVERSITY, PAUL ZERNICKE, )
and MARYELLEN SHEA,                 )
                                    )
        Defendants.                 )
_____)

# MEMORANDUM OF DECISION AND ORDER
# ON DEFENDANTS' MOTION FOR COSTS

October 2, 2024

DEIN, U.S.M.J.

## I. INTRODUCTION

Following her resignation from Northeastern University ("Northeastern" or "the University") in August of 2019, Plaintiff Simone Gregg ("Gregg") brought suit against Northeastern; her direct supervisor Paul Zernicke ("Zernicke"); Northeastern Leave Management Specialist Maryellen Shea ("Shea") (collectively, the "Defendants"); and others,[1] alleging, *inter alia*, interference with her rights under the Family and Medical Leave Act, 29 U.S.C. §§ 2614 *et seq.* ("FMLA"). Specifically, Gregg's Complaint (("Compl.") Docket No. 1-1)

---

[1] Gregg had also brought suit against HR Business Partner Alexis Harding and two members of Northeastern's Office of University Equity and Compliance, Diana Fitzgerald and Brigid Hart-Molloy. On April 20, 2022, this court allowed the motions to dismiss filed by these three defendants, dismissing them from the case. (See Docket Nos. 49, 50). Only the claims against Northeastern, Zernicke, and Shea remain.

includes the following four counts: "Violation of Family Medical Leave Act - 29 U.S.C. § 2614(a) and 29 U.S.C. § 2615(a)(1)" (Count One); "Violation of Family Medical Leave Act - 29 U.S.C. § 2615(a)(2)" (Count Two); "Intentional Interference with Contractual/Advantageous Relations" (Count Three); and "Intentional Infliction of Emotional Distress" (Count Four).  (See Compl. ¶¶ 167-182).

Following the dismissal of several defendants, the three remaining Defendants, Maryellen Shea, Northeastern University and Paul Zernicke, moved for summary judgment. (Docket Nos. 100, 102).  By Memorandum of Decision and Order dated August 1, 2024, the court allowed these motions ("SJ Dec.") (Docket No. 134).  On August 15, 2024, Defendants' filed a bill of costs pursuant to 28 U.S.C. § 1920 (the "Motion"), seeking to be compensated for the filing fees incurred in removing the case to this court from state court, and the costs of deposition transcripts of the plaintiff and five (5) defendants, for a total of $5,738.75.  (Docket No. 136).  Gregg filed an opposition, arguing that costs should be denied because her litigation was brought in good faith and involved the important public interest of prohibiting discrimination and because of her strained financial situation.  (Gregg's Opposition to Defendants' Motion for Costs (Docket No. 139) ("Opp.") at 2-5).

After careful consideration of the parties' arguments, the Motion is ALLOWED IN PART and DENIED IN PART.  The Defendants may recover the fees incurred in connection with removing the case from state court ($405.00 & $97.50) and the cost of the plaintiff's deposition transcripts ($1,042.50 & $766.25) for a total of $2,311.25.  The Motion is otherwise denied.

[2]

## II. DISCUSSION

A. Standard of Review

Under Fed. R. Civ. P. 54, in a civil action the prevailing party generally is entitled to recover from the opposing party costs, excluding attorney's fees. Fed. R. Civ. P. 54(d)(1). The types of costs recoverable are defined in 28 U.S.C. § 1920, and include, *inter alia*, "[f]ees of the clerk and marshal," and "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case[.]" 28 U.S.C. § 1920(1) & (2). See In re Two Appeals Arising out of San Juan Dupont Plaza Hotel Fire Litig., 994 F.2d 956, 962 (1st Cir. 1993) (Fed. R. Civ. P. 54(d) "works in tandem" with 28 U.S.C. § 1920). "In deciding whether to award costs to a prevailing party, the district court has broad discretion." Trs. of Bos. Univ. v. Everlight Elecs. Co., Ltd., 392 F. Supp. 3d 120, 134 (D. Mass. 2019), aff'd, 838 Fed. Appx. 565 (Fed. Cir. 2021) (and cases cited). The factors appropriately considered include, but are not limited to, whether the case was a close one, whether the imposition of full costs would impose a severe hardship, and whether the case involved significant public issues. See Anunciacao v. Caterpillar Japan, Ltd., 283 F.R.D. 44, 45-46 (D. Mass. 2012) (and cases cited).

While "[t]he costs of deposition transcripts are generally not recoverable if they were not introduced in evidence or used at trial" "a court may in its discretion permit the cost of a deposition transcript relied on by the prevailing party in a dispositive motion." In re Zofran (Ondansetron) Prods. Liab. Litig., No. 1:15-md-2657-FDS, 2024 WL 841413, at *2 (D. Mass. Feb. 28, 2024) (and cases cited). "But even where transcripts are otherwise taxable, '(c)ourts in this district generally have held that parties cannot recover the costs of their own deposition transcripts.'" Id. (quoting Trs. of Bos. Univ., 392 F. Supp. 3d at 136 (additional citations

[3]

omitted)). That is because "such a transcript is only for the convenience of counsel or discovery purposes" and, thus, is not "'necessarily incurred'" since the "'testimony of these individuals, as parties to the litigation, was readily available without the need of deposition transcripts.'" Modeski v. Summit Retail Sols., Inc., Civil Action No. 18-12383-FDS, 2020 WL 5026726, at *2 (D. Mass. Aug. 25, 2020) (quoting Legrice v. Harrington, Civil Action No. 09-10132-RBC, 2010 WL 2991670, at *1 (D. Mass. July 26, 2010)).

Courts recognize that even if a plaintiff does not prevail, a "colorable claim for wrongful discharge" may raise important issues, and a plaintiff should "not be 'unduly intimidated' by the threat of imposition of costs" from pursuing such a claim. Mulvihill v. Spalding Worldwide Sports, Inc., 239 F. Supp. 2d 121, 122 (D. Mass. 2002) (internal citation omitted). However, this does not mean that every plaintiff in a discrimination case "is absolved from the presumptive working of Rule 54(d)." Kuzman v. Hannaford Bros. Co., No. CV-04-87-B-W, 2005 WL 1981498, at *2 (D. Me. Aug. 10, 2005).

Finally, courts consistently recognize "that the costs of removing a case from state to federal court are 'taxable costs' under 28 U.S.C. § 1920." Teton Glob. Invs. LLC v. LC Inv. 2010, LLC, No. 20-cv-01756-AJB-MSB, 2021 WL 9649335, at *6 (S.D. Cal. Dec. 14, 2021) (and cases cited); Walsh v. Paccar, Inc., Civil Action No. 04-10304-MBB, 2007 WL 9797532, at *1 (D. Mass. July 25, 2007) (and cases cited). This is so even though removal is a voluntary decision on the part of a defendant. See Bisbano v. Strine Printing Co., Inc., No. CA 10-358ML, 2013 WL 3246089, at *1 (D.R.I. June 26, 2013) (and cases cited).

B. <u>Application to the Instant Case</u>

In the instant case, the plaintiff presented her employer with complicated and evolving requests for sporadic leave.  The evidence submitted to the Court established that the Defendants tried to work with Ms. Gregg to accommodate her needs and continued to work with her until she quit for a higher-paying job.  This case was not a particularly close one.  The complaint did not survive motions to dismiss brought by three defendants.  For the remaining Defendants, the facts were undisputed and failed to state any claim under the FMLA, for retaliation, or under any of the asserted state-law causes of action.  Similarly, the plaintiff failed to establish that she was constructively discharged from her employment.  Rather, the evidence presented to the Court was that she left on her own accord.  This is not a case where the award of costs against the plaintiff would interfere with her ability to "attempt to vindicate important statutory rights."  <u>Kuzman</u>, 2005 WL 1981498, at *2.

Gregg has submitted information about her limited financial resources.  For that reason, and the fact that the costs of their own deposition transcripts are not usually awarded to defendants, this court will disallow the claims for the defense witnesses' depositions.  However, the court is not convinced that the plaintiff is unable to pay any of the costs the Defendants are presumptively entitled to recover.  She held a position with Northeastern University and obtained another, higher-paying job.  She appears to have earned other income after this second job ended.  As a matter of equity, this court finds it appropriate to limit the costs to

which the plaintiff is obligated to her deposition transcript and the costs of removing the case from state court.

## III. ORDER

The Defendants' Motion for Costs (Docket No. 136) is ALLOWED IN PART and DENIED IN PART. The Defendants may recover the fees incurred in connection with removing the case from state court ($405.00 & $97.50) and the cost of the plaintiff's deposition transcripts ($1,042.50 & $766.25) for a total of $2,311.25. The Motion is otherwise denied.

/ s / Judith Gail Dein  
Judith Gail Dein  
United States Magistrate Judge